**STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS**

PROVIDENCE, SC. SUPERIOR COURT

CITIZENS BANK OF RHODE ISLAND,
Plaintiff

v.

QWEST COMMUNICATIONS CORPORATION,
Defendant

C.A. No. P.C. No. 05- 2570

**COMPLAINT FOR DECLARATORY JUDGMENT**

1. Citizens Bank of Rhode Island ("Citizens") is a Rhode Island financial institution with its principal place of business in Providence, Rhode Island.

2. Qwest Communications Corporation ("Qwest") is a Delaware corporation with its principal place of business located at 1801 California Street, Denver, Colorado 80202. Qwest is a telecommunications company regulated under both federal and state law.

3. Qwest maintains sufficient minimum contacts with the State of Rhode Island to subject it to personal jurisdiction in the Rhode Island Superior Court.

4. In this action, Citizens seeks a declaratory judgment pursuant to Rhode Island Gen. Laws § 9-30-1 et seq. regarding the status and existence of any other obligations among the parties, including the status and existence of an enforceable arbitration agreement between the parties pursuant to Rhode Island Gen. Laws § 10-3-5.

5. On or about October 31, 2001, Stephen Lynch, Vice President of Network Communications for Citizens, executed a two page Guaranteed Service Agreement with Qwest.

A true and accurate copy of the agreement executed on behalf of Citizens is attached hereto, incorporated as a part herein, and marked as Exhibit A. Exhibit A, which contained a merger and integration clause, provided for a $50,000 monthly commitment on the part of Citizens but did not specify a duration term. It was Citizens' understanding that either Citizens or Qwest could terminate the agreement on 30 days prior written notice.

6. Upon information and belief, Citizens forwarded Exhibit A to Qwest and, upon information and belief a Patricia Dillon executed the agreement on behalf of Qwest. Upon information and belief, after Exhibit A was forwarded to Qwest, someone at Qwest checked off a box indicating that the Guaranteed Service Agreement was for a three year term. This action was neither agreed to nor authorized by Citizens, and the three year term was not consistent with Citizens' understanding of its agreement and obligations. A copy of the agreement signed on behalf of Qwest, including the unauthorized modification, is attached hereto and marked as Exhibit B.

7. In July, 2003, Citizens gave 30 days notice to Qwest of its decision to terminate the agreement. Qwest acted upon the notice and thereafter terminated all telecommunications services to Citizens. Upon information and belief, Citizens paid Qwest for all telecommunication services actually received.

8. On or about October 22, 2004, Qwest communicated to Citizens and asserted that a significant shortfall on Citizens' obligations under the Guaranteed Service Agreement existed allegedly because Citizens terminated the agreement prematurely, short of the alleged term of three years. Qwest claimed that Citizens owed it approximately $800,000. Citizens denies any such obligation, and asserts that it gave timely and proper notice of termination under the agreement.

9. On or about April 26, 2005, Qwest sent Citizens a Notice of Default and asserted that Citizens owes Qwest over $817,000. Qwest also asserted that it intended to proceed with an action against Citizens Bank seeking reimbursement of the alleged outstanding balance and Qwest collection costs, including attorneys' fees.

10. Paragraph 9 of the Guaranteed Service Agreement, which was terminated in July 2003, contained an arbitration clause. Due to the termination of the agreement, and the almost two years which has past in the interim, there is no enforceable arbitration clause existing between the parties.

11. There exists a genuine controversy among the parties sufficient to entitle Citizens to the remedy of declaratory judgment.

WHEREFORE, Citizens demands judgment declaring:

(i) That there is no enforceable arbitration agreement in place between the parties;

(ii) That Citizens has no further obligation or liability to Qwest:

(iii) That Citizens has performed and discharged any contractual obligations arising from the Guaranteed Service Agreement; and

(iv) Such other a further declaratory relief as may be meet and just including costs and reasonable attorneys' fees.

CITIZENS BANK OF RHODE ISLAND

By Its Attorneys,

PARTRIDGE SNOW & HAHN LLP

Steven E. Snow (#1774)
Lisa M. Martinelli (#6350)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 FAX

DATED: 5-20-05

**JURY TRIAL DEMAND**

Citizens Bank of Rhode Island demands trial by jury on all issues so triable, including the determination as to whether the issue is subject to arbitration pursuant to Rhode Island Gen. Laws § 10-3-5.

Steven E. Snow (#1774)

799512_1/99998-75