# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CITIZENS BANK OF RHODE ISLAND,<br>Plaintiff<br><br>v.<br><br>QWEST COMMUNICATIONS CORPORATION,<br>Defendant | C.A. No. 05-249 S |

## PLAINTIFF'S REPLY TO DEFENDANT'S COUNTERCLAIMS

Now comes Plaintiff Citizens Bank of Rhode Island ("Citizens") and hereby replies to the Counterclaims of Defendant Qwest Communications Corporation ("Qwest") as follows:

### Parties and Jurisdiction

1. Upon information and belief, admitted.

2. Admitted.

3. This paragraph alleges jurisdiction over this action and is a legal conclusion to which no response is required.

### General Allegations

4. Citizens admits that in or about the late Spring or early Summer of 2001 it requested information concerning general pricing quotes for ATM telecommunication connection services for locations in Providence, Rhode Island, Philadelphia, Pennsylvania, Pittsburgh, Pennsylvania and Medford, Massachusetts, not Melrose, Massachusetts.

5. Citizens admits that Stephen Lynch, Ken Anketell, Art Greenwald and Tim Wells engaged in negotiations with Patricia B. Dillion of Qwest but denies that they engaged in pricing

negotiations based upon a term commitment.

6. Citizens admits that Qwest sent it general, informal budgetary quotes and pricing structures for services. However, Citizens is without sufficient knowledge or information to respond to the remaining allegation set forth in this paragraph and leaves Qwest to its proof thereof. To the extent a further response is required, Citizens denies the allegations.

7. Citizens admits that it executed a Qwest Communications Corporation Q Guaranteed Service Agreement (the "Agreement") attached to its Complaint as Exhibit A but denies that the Agreement attached to Citizens' Complaint as Exhibit B represented the Agreement between the parties. Citizens further denies that the initial term of the Agreement was three (3) years.

8. Citizens admits that the Agreement provided for a Fifty Thousand and 00/100 Dollar ($50,000.00) monthly commitment by Citizens but did not specify a duration term defining the length of the Agreement. It was Citizens' understanding that either it or Qwest could legally terminate the Agreement on thirty (30) days prior written notice. To the extent a further response is required, Citizens denies the allegations.

9. Denied.

10. Citizens is without sufficient knowledge or information to respond to the allegations set forth in this paragraph concerning Qwest's own reliance on statements made by Citizens since Citizens repeatedly informed Qwest that it would not commit to an extended duration contract because it was the parties' first time engaging in business together. To the extent a further response is required, Citizens denies the allegations.

11. Denied.

12. Denied.

13. Citizens admits that Qwest preformed its obligations during the duration of the

Agreement, which expired in August 2003 pursuant to Citizens' thirty (30) day written notice of termination, which was communicated to Qwest in July 2003.

Count I

(Breach of Contract)

14. Citizens repeats and realleges its answers to paragraphs 1 through 13 as if each were more fully set forth herein.

15. Denied.

16. Denied.

17. Denied.

18. Citizens admits that Qwest preformed its obligations during the duration of the Agreement, which expired in August 2003 pursuant to Citizens' thirty (30) day written notice of termination, which was communicated to Qwest in July 2003.

19. Denied.

Count II

(Unjust Enrichment)

20. Citizens repeats and realleges its answers to paragraphs 1 through 19 as if each were more fully set forth herein.

21. Denied.

22. Denied.

23. Denied.

24. Citizens is without sufficient knowledge or information to respond to the allegations set forth in this paragraph and leaves Qwest to its proof thereof. To the extent a response is required, Citizens denies the allegations.

COUNT III

(Fraudulent Inducement)

25. Citizens repeats and realleges its answers to paragraphs 1 through 24 as if each were more fully set forth herein.

26. Citizens admits that Messrs. Greenwald and Wells on behalf of Citizens met with Ms. Dillon on behalf of Qwest at Citizens' offices in late October 2001. Citizens denies the remainder of the allegations contained in this paragraph.

27. Citizens admits that Messrs. Greenwald and Wells on behalf of Citizens met with Ms. Dillon and/or Ms. Fairhurst on behalf of Qwest at Citizens' offices in November 2001. Citizens denies the remainder of the allegations contained in this paragraph.

28. Denied.

29. Denied.

**AFFIRMATIVE DEFENSES TO DEFENDANT'S COUNTERCLAIMS**

Citizens reserves the right to amend its Reply to Defendant's Counterclaims to include all affirmative defenses which may become known through the course of discovery.

**FIRST AFFIRMATIVE DEFENSE**

The Counterclaims fail to state claims upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

The Agreement fails to manifest the true intent of the parties and is excused by mutual mistake.

**THIRD AFFIRMATIVE DEFENSE**

To the extent that a contract is found to exist as alleged, Qwest has failed to properly mitigate its damages, if any.

**FOURTH AFFIRMATIVE DEFENSE**

Qwest's Counterclaims are barred by accord and satisfaction.

**FIFTH AFFIRMATIVE DEFENSE**

Qwest's Counterclaims are barred by the doctrines of waiver and estoppel.

**SIXTH AFFIRMATIVE DEFENSE**

Citizens pleads the affirmative defense of misrepresentation.

**SEVENTH AFFIRMATIVE DEFENSE**

The parties never reached a meeting of the minds on the essential terms of the purported contract since there was no mutuality of agreement concerning the duration of the Agreement.

**EIGHTH AFFIRMATIVE DEFENSE**

No contract was formed between the parties as alleged because terms essential to the formation of a contract were not disclosed.

**NINTH AFFIRMATIVE DEFENSE**

To the extent that a contract is found to exist as alleged, subsequent material alterations to same were made, thus voiding the contract.

**TENTH AFFIRMATIVE DEFENSE**

Qwest's Counterclaims are barred by laches.

**ELEVENTH AFFIRMATIVE DEFENSE**

Qwest's Counterclaims are barred by the doctrine of unclean hands.

**TWELVTH AFFIRMATIVE DEFENSE**

Qwest fraudulently induced Citizens to enter into the Agreement.

**THIRTEENTH AFFIRMATIVE DEFENSE**

The terms of the Agreement are vague and ambiguous and must be construed against its drafter, Qwest.

WHEREFORE, Citizens Bank of Rhode Island requests that the Counterclaims of Defendant be denied and dismissed in their entirety and that Plaintiff be granted such other and further relief as seems meet and just, including its attorneys' fees and costs.

CITIZENS BANK OF RHODE ISLAND

By Its Attorneys,

PARTRIDGE SNOW & HAHN LLP

Steven E. Snow (#1774)
Melissa E. Darigan (#4792)
Lisa M. Martinelli (#6350)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 FAX

DATED: July 8, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing PLAINTIFF'S REPLY TO DEFENDANT'S COUNTERCLAIM was mailed, postage prepaid, on this 8th day of July to:

James H. Reilly, Esq.
Donald Maroney, Esq.
Kelly, Kelleher, Reilly & Simpson
146 Westminster Street, Suite 500
Providence, RI 02903

David B. Chaffin, Esq.
Hare & Chaffin
160 Federal Street
Boston, MA 02110

807924_1